UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DARA POEUV, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-14220-ADB |
| | * | |
| YOLANDA SMITH, as she is | * | |
| Superintendent of the South Bay | * | |
| House of Correction, | * | |
| | * | |
| Respondent. | * | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

On December 24, 2015, Dara Poeuv ("Petitioner") filed a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")]. On January 13, 2016, Respondent

filed a Motion to Dismiss the Petition [ECF No. 7]. Having considered the Respondent's Motion

to Dismiss, Petitioner's Opposition thereto [ECF No. 13], and two subsequent Status Reports

filed by Respondent [ECF Nos. 11, 14], Respondent's Motion is <u>DENIED</u>.

## I.      BACKGROUND

Petitioner alleges that he is a native and citizen of Cambodia, who first arrived in the

United States on March 6, 2002 as a visitor for pleasure. [Petition ¶ 13]. He filed a timely

application for asylum, which was denied by an Immigration Judge on March 1, 2013. <u>Id.</u> ¶ 18.

The Immigration Judge also entered a removal order. <u>Id.</u> ¶¶ 13, 18. Petitioner appealed that

removal order, but his appeal was dismissed on February 24, 2015. <u>Id.</u> Petitioner was taken into

custody by Immigration and Customs Enforcement ("ICE") on June 7, 2015. <u>Id.</u> ¶ 20. Although

he alleges that he has "cooperated fully with all efforts by ICE to remove [him] from the United

States," id. ¶ 22, no removal has taken place. As of today, Petitioner has been detained in federal custody for more than nine months. Id. ¶ 13.

Petitioner alleges that his continued detention violates 8 U.S.C. § 1231(a)(6), because the government has exceeded the presumptively reasonable six-month detention period set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), and because his removal to Cambodia or any other country is "not significantly likely to occur in the reasonably foreseeable future." Id. ¶ 28. He also alleges that his continued detention violates his constitutional rights to substantive and procedural due process under the Fifth Amendment. Id. ¶¶ 29-33. He seeks a writ of habeas corpus directing Respondent to release him from custody.

## II.    LEGAL STANDARD

When an alien is ordered removed from the United States, federal law requires the government to effectuate that removal within a period of 90 days. See 8 U.S.C. § 1231(a)(1)(A). During that 90-day "removal period," the government must detain the alien in custody. See 8 U.S.C. § 1231(a)(2); Zadvydas v. Davis, 533 U.S. 678, 683 (2001). After the 90-day period has expired, the government may continue to detain the alien "upon a finding that the alien is 'a risk to the community or unlikely to comply with the order of removal.'" Brown v. Gillen, No. 10CV11304, 2010 WL 3946318, at *2 (D. Mass. Oct. 8, 2010) (quoting 8 U.S.C. § 1231(a)(6)).

In Zadvydas, the Supreme Court held that this statutory provision, "read in light of the Constitution's demands," "does not permit indefinite detention." 533 U.S. at 689. Instead, Section 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. In the removal context, reasonableness is measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." Id. at 699. "Thus, if removal is not reasonably

2

foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute," and order the alien's release upon appropriate conditions. Id. at 699-700. The Court in Zadvydas also held that six months was a "presumptively reasonable period of detention" within which to accomplish removal. Id. at 700-01. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

## III.    ANALYSIS

Here, Respondent argues that the Petition should be dismissed because Petitioner has failed to establish good cause for believing that there is no significant likelihood of his removal in the reasonably foreseeable future. The Court disagrees. Petitioner adequately alleges in his Petition that he had been held in excess of the presumptively reasonable six-month period set forth in Zadvydas. He also alleges that his removal to Cambodia must take place pursuant to procedures set forth in a Memorandum of Agreement on Repatriation between the United States and the Kingdom of Cambodia (the "Memorandum Agreement"), and that he is "not aware that the defendants have ever made a request for the designated central authority of Cambodia to consider [his] repatriation, or otherwise availed themselves of the required process outlined in the Memorandum." [Petition, ¶ 21]. These allegations, coupled with a lengthy detention period that exceeds the presumptively reasonable limits set forth in Zadvydas, are sufficient to survive a motion to dismiss.

Alternatively, Respondent argues that even assuming Petitioner met his threshold burden of showing "good cause to believe" that there is no significant likelihood of removal in the reasonably foreseeable future, Respondent has produced evidence sufficient to rebut that

showing. Specifically, in support of its Motion to Dismiss, Respondent submitted a Declaration from an ICE Detention and Deportation Officer, who states that on June 24, 2015, ICE submitted a "travel document request" to the Embassy of Cambodia. [ECF No. 8-1 ("Rivera Decl.")] ¶ 7. The Declaration also states that pursuant to the Memorandum Agreement between the United States and Cambodia, "Cambodian experts travel to the United States and conduct interviews to assist in the verification of identity of aliens ICE suspects are Cambodian nationals." Id. ¶ 8. Respondent's most recent Status Report, filed with the Court on March 8, 2016, states that the Cambodian government did, in fact, conduct interviews between February 16-19, 2016, and that Petitioner "was interviewed during that time." [ECF No. 14]. Respondent notes that ICE is currently awaiting a decision from Cambodia, and that Petitioner will remain incarcerated pending that decision. Id.

These facts, however, are not sufficient to warrant dismissal of the Petition. Mr. Poeuv has been detained for more than nine months, and while the government has taken some steps towards removal, it is not clear that removal is likely to occur in the near future. Notably, although the United States government appears to have submitted a travel document request promptly after Petitioner was taken into ICE custody, it took the Cambodian government eight months to schedule interviews with the Petitioner. It is unclear how much additional time will pass before the Cambodian government issues a decision or produces the required travel documents. Moreover, the Respondent has not submitted any information suggesting that Cambodia is likely to approve the Petitioner's repatriation. The Memorandum Agreement states that each repatriation request "should be considered and decided individually, on a case-by case basis, without preconditions." [ECF No. 1-1]. In sum, the Court requires additional information to determine whether Petitioner's removal is "reasonably foreseeable," and it declines to resolve

this issue on a motion to dismiss for failure to state a claim. Accordingly, Respondent's Motion to Dismiss is hereby <u>DENIED</u>, and the Respondent is <u>ORDERED</u> to file an Answer to the Petition no later than March 30, 2016. The Court further <u>ORDERS</u> the Parties to appear for a Status Conference before the Court on Monday, April 11, 2016, at 1:30 P.M. in Courtroom 17.

**SO ORDERED.**

Dated: March 11, 2016                                      /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE